UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM WISE,<br><br>   *Plaintiff*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-1271 (RDM) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brings this action against the United States Department of Justice ("DOJ"), the Federal Bureau of Investigation, the United States Department of Health and Human Services, the Washington State Department of Health, the Texas Board of Dental Examiners, Dr. Umair Shah, Dr. Meryam Nossa, Austin Covington, Mark Crandall, the Honorable Lindsey R. Cotterell, the Honorable Gary Bashor, the Honorable "Judge Evans," and the Washington Court of Appeals, Division II. Dkt. 1. at 1 (Compl.). Plaintiff alleges that he is a "federally protected whistleblower" who brings suit to "expose and [to] seek redress for a wide-ranging, multi-agency campaign of retaliation and suppression." *Id.* (Compl.). According to Plaintiff, the case presents an "airtight and evidence-loaded account of FBI misconduct, DOJ cover-up, state retaliation, judicial sabotage, and witness perjury—all coordinated to punish lawful disclosures of public corruption and institutional fraud." *Id.*

Plaintiff asserts claims for First Amendment retaliation; violations of the Fifth and Fourteenth Amendments' due process guarantees and the equal protection clause; civil conspiracy pursuant to 42 U.S.C. § 1985; malicious prosecution; abuse of process; negligent

supervision and oversight; deprivation of rights under color of state law pursuant to 42 U.S.C. § 1983; abuse of process and retaliatory inspection by Defendant Mark Crandall; and civil conspiracy and forgery by Defendant Austin Covington. *Id.* at 5 (Compl.). He seeks $24 million in damages, a reinstatement of his suspended licenses "with public apology," and various other forms of injunctive relief. *Id.*

## I. BACKGROUND

Plaintiff alleges that he is a "triple-board-certified oral surgeon," who faced, in one year, fifty-one "board complaints," which resulted in the suspension of his license and the imposition of a $45,000 fine. *Id.* at 2–3 (Compl.). In March of 2025, Plaintiff "filed a federal whistleblower complaint" based on the suspension of his license, and, three days later, the Texas Dental Board "reactivated a long-dormant anonymous complaint" that alleged misconduct in Plaintiff's placement of a temporary crown. *Id.* at 3 (Compl.). This allegation, which Plaintiff asserts was frivolous, resulted in a "five-year suspension" of his Texas license. *Id.* (Compl.).

Plaintiff appears to connect the suspension of his license to a Dr. Daniel Haghighi, who he alleges (although, Plaintiff has not named Dr. Haghighi as a defendant in the case) has "maintained active ties with Iranian intelligence, given [Dr. Haghighi's] outsized influence over multiple institutions and actors across two states." *Id.* at 2 (Compl.). Plaintiff claims that Dr. Haghighi's "political reach" extended "inexplicably" to include "judicial officers . . . state officials" on the dental boards, and "federal agents within the FBI." *Id.* (Compl.). Dr. Haghighi's reach can only be explained, according to Plaintiff, by "the involvement of international intelligence affiliations." *Id.* (Compl.). Although it is unclear if the suspension is connected, Plaintiff also alleges that one of his former attorneys conspired with Dr. Haghighi,

2

Defendant Covington, and an unnamed judge, in a proceeding before a biased arbitrator. *Id.* at 4 (Compl.).

According to Plaintiff, at some point in 2020, the "FBI raided" his clinics in Washington and Texas over a "$90 billing discrepancy." *Id.* (Compl.). DOJ allegedly conducted a parallel investigation with the FBI involving the billing discrepancy. *Id.* (Compl.). The FBI and DOJ "refused to confirm closure of the case," which left Plaintiff "under permanent threat." *Id.* (Compl.). Plaintiff then alleges that in 2022, Judge Lindsey Cotterell "issued a one-week eviction despite lease grace provisions, forcing sudden closure of an active clinic treating surgical cases." *Id*. (Compl.). Finally, Plaintiff gestures towards separate cases, without providing any description of the factual circumstances surrounding these cases, as evidence of "judicial bias." *Id.* (Compl.). He alleges that "all of [his] witnesses were excluded" and that the plaintiff in one of those cases, Darci Cooper, was "awarded $800,000 in emotional distress" damages, which Plaintiff claims is an "unprecedented judgment." *Id.* (Compl.).

## II. ANALYSIS

Although courts hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the Court may dismiss a complaint *sua sponte* under Federal Rules of Civil Procedure 8(a) and 12(b)(6) if "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in his complaint," *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011), or under Rule 12(b)(1) if the complaint fails to allege facts sufficient to invoke the Court's subject-matter jurisdiction. This is such a case.

Most fundamentally, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015).

Here, Plaintiff's complaint contains a series of vague factual assertions and legal conclusions. He alleges, for example, that the judicial Defendants engaged in a "pattern of coordinated bias [that] severely compromised the integrity" of various proceedings. Dkt. 1 at 4 (Compl.). Even when considered liberally, the complaint offers no meaningful indication of what happened or of why the alleged events, if accepted as true, would entitle Plaintiff to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). It includes, for example, vague references to "Iranian intelligence," Dkt. 1 at 2 (Compl.), to improper "political reach" and "personal manipulation," *id*. at 3 (Compl.), and to the Texas Dental Board's "incompetence and political bias," *id.* These allegations are at times fantastical, and at other times are merely disconnected or unexplained. As a result, Plaintiff's complaint cannot withstand even minimal scrutiny under Rules 8 and 12(b)(6).

Plaintiff's complaint also fails to provide a sufficient basis for this Court to conclude that it has subject-matter jurisdiction. Plaintiff bears the burden of establishing the Court's jurisdiction, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and the Court has an ongoing "obligation to assess its jurisdiction . . . sua sponte." *Friends of Animals v. U.S. Bureau of Land*

*Mgmt.*, 514 F. Supp. 3d 290, 299 (D.D.C. 2021); *see also Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019) (a court "must consider" its subject-matter jurisdiction *sua sponte* "at any point in the litigation"); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("[A] district court may dismiss a complaint *sua sponte* prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when . . . it is evident that the court lacks subject matter jurisdiction.") (unpublished) (per curiam).  Notably, the Court may *sua sponte* dismiss a complaint if "its claims 'are too insubstantial to invoke federal court jurisdiction.'"  *Lopez-Pena v. Garland*, 20-1889, 2021 WL 2188127, at *3 (D.D.C. May 28, 2021) (quoting *Ord v. District of Columbia*, 587 F.3d 1136, 1144 (D.C. Cir. 2009)).  Here, the international intelligence conspiracy that Plaintiff alleges is too "fanciful" to sustain the Court's jurisdiction.  *See id.* at *4 ("An Article-III-wide conspiracy to unlawfully imprison individuals is 'fanciful' and 'fictitious'—not factual.").

Plaintiff also moves for a temporary restraining order, preliminary injunction, and permanent injunction.  Dkt. 5.  Because the Court will dismiss the case, the Court will deny that motion as moot.

## CONCLUSION

The Court will, accordingly, **DISMISS** Plaintiff's complaint, Dkt. 1, pursuant to Rules 8, 12(b)(1), and 12(b)(6) and will **DENY** Plaintiff's motion for a temporary restraining order, preliminary injunction, and permanent injunction, Dkt. 5, as moot.

A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 19, 2025